UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------

CARTAGENA ENTERPRISES INC. d/b/a
CARTAGENA PUBLISHING,

                         Plaintiffs,

          - against -

MAX MEX RECORDS, INC., EMI MUSIC NORTH
AMERICA

                         Defendants.

------------------------------------------X

07 Civ. 3056

JUDGE HOLWELL



COMPLAINT

RECEIVED APR 16 2007 U.S.D.C. S.D.N.Y. CASHIERS

     Plaintiff Cartagena Enterprises, Inc. d/b/a Cartagena Publishing by its attorneys, Balber Pickard Battistoni Maldonado & Van Der Tuin, P.C. and Juan H. Saavedra, as and for its complaint against MAX MEX RECORDS, INC. and EMI MUSIC NORTH AMERICA, INC., ("Defendants") alleges as follows:

     1.   This is an action for copyright infringement under the U.S. Copyright Act, and the Berne Convention for protection of Literary and artistic works, seeking damages and injunctive relief.

### JURISDICTION AND VENUE

     2.   This Court has jurisdiction over this action under 28 U.S.C. §1331 (federal question) and §1338 (copyright claims). This Court has supplemental jurisdiction over claims in this action under 28 U.S.C. §1367 (claims so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy).

3.   Venue is proper in this district under 28 U.S.C. §1391 and §1400 because one or more of the Defendants are found in the Southern District by themselves or through their agents inasmuch as they transact business in the Southern District or because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

4.   Cartagena Enterprises Inc. d/b/a Cartagena Publishing ("Cartagena") is a corporation organized under the laws of the State of New York with its principal place of business in Union City, New Jersey.

5.   Upon information and belief, Max Mex Records, Inc. ("Max Mex") is a corporation organized under the laws of the state of Florida with its principal place of business in Miami, Florida.

6.   Upon information and belief, Max Mex produces, manufactures and distributes CDs in the state of New York, throughout the United States and throughout the world.

7.   Upon information and belief, EMI Music North America ("EMI") is a corporation organized under the laws of the state of Delaware with its principal place of business in New York, New York.

8.      Upon information and belief, EMI distributes CDs in New York, throughout the United States and throughout the world.

### CARTAGENA'S COPYRIGHT OWNERSHIP

9.      Cartagena is a music publishing company, engaged in the business of selling and/or licensing the distribution and sale of its songs on phonorecords (as defined in 17 U.S.C. §101, including, without limitation, CDs).

10.     Cartagena is the copyright owner of the exclusive rights under copyright for the words and music for certain songs, including but not limited to "Ciudad, Ciudad," written by Perín Vásquez, and "Vas Bien," written by Rafael Ithier (the "Copyrighted Songs").

11.     Cartagena has applied for and received Certificates of Copyright Registration from the Register of Copyrights for the Copyrighted Songs. The Copyright Office Performing Arts Registration number for "Ciudad, Ciudad" is PA 1-209-627. The registration number for "Vas Bien" is PA 971-767.

12.     In accordance with 17 U.S.C. §106, Cartagena has the exclusive rights, among other things, to "reproduce the [Copyrighted Songs] in copies or phonorecords," and to "distribute copies [of the Copyrighted Songs] ... to the public."

## INFRINGING CONDUCT

**MAX MEX**

13. Upon information and belief, Max Mex caused to be produced, manufactured and distributed two CDs called 'Soneros Del Milenio' and 'Salsa Pa' La Calle.' These CDs each include the Copyrighted Song "Ciudad, Ciudad."

14. Neither 'Soneros Del Milenio' nor 'Salsa Pa' La Calle' recognizes Cartagena as the copyright holder for "Ciudad, Ciudad."

15. Upon information and belief, Max Mex also caused to be produced, manufactured and distributed a CD entitled 'Grandes Orquestras de Puerto Rico.' This CD includes the Copyrighted Song, "Vas Bien."

16. 'Grandes Orquestras de Puerto Rico' inappropriately attributes authorship of "Vas Bien" to Olivia Estrada and inappropriately claims that TTH Music Publishing holds the copyrights to "Vas Bien."

17. Upon information and belief, Max Mex also has caused copies of each of the Copyrighted Songs to be distributed digitally.

18. Max Mex has not requested, and Cartagena has not granted Max Mex, a license to use any of the Copyrighted Songs

on the above CDs. Nor has Max Mex ever paid Cartagena for the above use of any of the above Copyrighted Songs.

19. Each reproduction or distribution of each individual Copyrighted Song on the above CDs and through digital transmissions constitutes a separate copyright infringement by Max Mex.

**EMI**

20. Upon information and belief, EMI distributed in New York and the United States the 'Soneros Del Milenio,' 'Salsa Pa' La Calle' and 'Grandes Orquestras de Puerto Rico' CDs produced and manufactured by Max Mex.

21. The 'Soneros Del Milenio' and 'Salsa Pa' La Calle' CDs each include the Copyrighted Song "Ciudad, Ciudad."

22. The 'Grandes Orquestras de Puerto Rico' CD includes the Copyrighted Song, "Vas Bien."

23. Neither 'Soneros Del Milenio' nor 'Salsa Pa' La Calle' recognizes Cartagena as the copyright holder for "Ciudad, Ciudad."

24. 'Grandes Orquestras de Puerto Rico' inappropriately attributes authorship of "Vas Bien" to Olivia Estrada and inappropriately claims that TTH Music Publishing holds the copyrights to "Vas Bien."

25. Upon information and belief, EMI also has caused copies of each of the Copyrighted Songs to be distributed digitally.

26. EMI has not requested, and Cartagena has not granted EMI a license to distribute any of the above Copyrighted Songs on the above CDs. Nor has EMI ever paid Cartagena for the above uses of any of the above Copyrighted Songs.

27. Each distribution of each of the individual Copyrighted Songs on the above CDs and through digital transmissions constitutes a separate copyright infringement by EMI.

**Willful Infringement**

28. Defendants were on notice that Cartagena was the holder of the performing arts copyrights for the above-referenced Copyrighted Songs in that Cartagena had registered its ownership rights with the U.S. Copyright Office prior to the release of the 'Soneros Del Milenio,' 'Salsa Pa' La Calle' and 'Grandes Orquestras de Puerto Rico' CDs ("the CDs").

29. Still, neither of the Defendants requested licenses for any of the Copyrighted Songs. Nor did Cartagena provide any of the Defendants with licenses to use any of the Copyrighted Songs on the CDs.

30. A letter was sent to the legal department of EMI on December 29, 2006 from counsel for Cartagena, asserting that

EMI had violated Cartagena's rights and interests in the Copyrighted Songs referenced in this Complaint above. At least as of December, 2006, EMI was on notice of its copyright infringement with respect to the Copyrighted Songs.

31. A letter was sent to Max Mex on February 15, 2007 from counsel for Cartagena, asserting that Max Mex had violated Cartagena's rights and interests in the Copyrighted Songs referenced in this Complaint above. At least as of February 2007, Max Mex was on notice of its copyright infringement with respect to the Copyrighted Songs.

32. Upon information and belief, notwithstanding the above letters, Defendants continue to reproduce and distribute the Copyrighted Songs without license.

33. Upon information and belief, the above infringing CDs containing the Copyrighted Songs are still being manufactured today.

34. Upon information and belief, the above infringing CDs containing the Copyrighted Songs are still being distributed and sold today in New York, the United States and throughout the world.

## FIRST CAUSE OF ACTION
## U.S. COPYRIGHT INFRINGEMENT
## 17 U.S.C. §106(1)
## UNLAWFUL REPRODUCTION OF INFRINGING WORK
## (against MAX MEX RECORDS, INC.)

35. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "34" hereof as if fully set forth hereat.

36. This cause of action is against Defendant, Max Mex

37. Upon information and belief, Max Mex has caused to be produced, manufactured and distributed the CDs entitled 'Soneros del Milenio,' 'Salsa Pa' La Calle,' and 'Grandes Orquestras de Puerto Rico.'

38. Upon information and belief, on the 'Soneros del Milenio' and 'Salsa Pa' La Calle,' CDs, Max Mex has reproduced in recordings the Copyrighted Song, "Ciudad, Ciudad."

39. Upon information and belief, on the 'Grandes Orquestras de Puerto Rico' CD, Max Mex has reproduced in recordings the Copyrighted Song, "Vas Bien."

40. Cartagena is the registered copyright owner of the words and music for each of these Copyrighted Songs.

41. Under 17 U.S.C. §106(1) Cartagena has the exclusive right to reproduce the above songs in copies or phonorecords.

42. Upon information and belief, Max Mex has willfully, with full knowledge of Cartagena's copyrights, and

without license or authorization, reproduced the Copyrighted Songs on the CDs in violation of 17 U.S.C. §106(1).

43. Max Mex is responsible directly, contributorily and/or vicariously for these unlawful acts of copyright infringement.

44. As a direct and proximate result of the foregoing acts of infringement, Cartagena has been and continues to be irreparably injured.

45. Max Mex is liable to Cartagena for actual damages and profits under 17 U.S.C. §504 or, in the alternative, for statutory damages for each willful infringement in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**U.S. COPYRIGHT INFRINGEMENT**
**17 U.S.C. §106(3)**
**UNLAWFUL DISTRIBUTION OF INFRINGING WORK**
**(against MAX MEX RECORDS, INC.)**

46. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "45" hereof as if fully set forth hereat.

47. This cause of action is against Defendant, Max Mex.

48. Max Mex, through the sale and distribution of the CDs and digital copies of the Copyrighted Songs, or by otherwise profiting from such activities, has infringed Plaintiff's

exclusive rights to the distribution of the Copyrighted Songs, conferred under 17 U.S.C. §106(3).

49. Upon information and belief, Max Mex has willfully, with full knowledge of Cartagena's copyrights, and without license or authorization, distributed the Copyrighted Songs on the CDs and digitally, in violation of 17 U.S.C. §106(3).

50. Max Mex is responsible directly, contributorily and/or vicariously for these unlawful acts of copyright infringement.

51. As a direct and proximate result of the foregoing acts of infringement, Cartagena has been and continues to be irreparably injured.

52. Max Mex is liable to Cartagena for actual damages and profits under 17 U.S.C. §504 or, in the alternative, for statutory damages for each willful infringement in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**U.S. COPYRIGHT INFRINGEMENT**
**17 U.S.C. §106(3)**
**UNLAWFUL DISTRIBUTION OF INFRINGING WORK**
**(against EMI MUSIC NORTH AMERICA)**

53. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "52" hereof as if fully set forth hereat.

54. This cause of action is against Defendant, EMI.

55. EMI, through the distribution of the CDs and digital copies of the Copyrighted Songs, or by otherwise profiting from such activities, has infringed Plaintiff's exclusive rights to the distribution of the Copyrighted Songs, conferred under 17 U.S.C. §106(3).

56. Upon information and belief, EMI has willfully, with full knowledge of Cartagena's copyrights, and without license or authorization, distributed the Copyrighted Songs on the CDs and digitally, in violation of 17 U.S.C. §106(3).

57. As a direct and proximate result of the foregoing acts of infringement, Cartagena has been and continues to be irreparably injured.

58. EMI is responsible directly, contributorily and/or vicariously for the unlawful acts derived from the copyright infringement.

59. EMI is liable to Cartagena for actual damages and profits under 17 U.S.C. §504 or, in the alternative, for statutory damages for each willful infringement in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## IN UNIDENTIFIED COUNTRIES
## PURSUANT TO THE BERNE CONVENTION
## (against all Defendants)

60. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "59" hereof as if fully set forth hereat.

61. This cause of action is against all of the Defendants herein.

62. Upon information and belief, the Copyrighted Songs have been reproduced and distributed for sale by the Defendants in various unidentified countries.

63. Defendants, through the reproduction, distribution and sale of the CD's containing the Copyrighted Songs and through the digital distribution of the Copyrighted Songs, have infringed upon Cartagena's copyrights as provided by the copyright laws of the foreign nations in which such acts occurred.

64. Defendants are responsible directly, contributorily and/or vicariously for the unlawful copyright infringement described herein.

65. As a direct and proximate result of the foregoing acts, Cartagena has been and continues to be irreparably injured.

66. Defendants are liable to Cartagena for actual and punitive damages and profits for each act of infringement pursuant

to the copyright laws of each of the foreign nations in which such acts occurred in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### DISGORGEMENT OF FUNDS
### (against all Defendants)

67. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "66" hereof as if fully set forth hereat.

68. This cause of action is by Cartagena against all Defendants.

69. Upon information and belief, Defendants have collected monies from the sale and distribution of the Copyrighted Songs.

70. Cartagena demands that Defendants be ordered to disgorge all monies received in relation to the above Copyrighted Songs.

### SIXTH CAUSE OF ACTION
### INJUNCTION AND SEIZURE
### (against all Defendants)

71. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "70" hereof as if fully set forth hereat.

72. This cause of action is by Cartagena against all Defendants.

73. Cartagena requests that the Court enter a preliminary and permanent injunction under 17 U.S.C. §502 et

seq., to prevent or restrain further infringement of the copyrights in issue.

74. Pursuant to 17 U.S.C. §502 et seq., Cartagena further requests the impounding of all copies and phonorecords made or used in violation of Cartagena's exclusive rights, and also of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be produced.

75. Cartagena requests that, pursuant to 17 U.S.C. §502 et seq., the Court order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of Cartagena's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be produced.

### SEVENTH CAUSE OF ACTION
### ATTORNEYS' FEES AND COSTS
### (against all Defendants)

76. Cartagena repeats and realleges the allegations contained in paragraphs "1" through "75" hereof as if fully set forth hereat.

77. This cause of action is against all Defendants herein.

78. Pursuant to 17 U.S.C. §505, Cartagena requests that the Court order the Defendants to reimburse Cartagena for

all attorneys fees and costs incurred in prosecuting this action.

### DEMAND FOR JURY TRIAL

79. Cartagena demands trial by jury of all issues so triable.

**WHEREFORE**, Cartagena respectfully demands that the Court enter judgment:

A. Ordering Defendants to pay Cartagena actual damages and profits or, in the alternative, for statutory damages under 17 U.S.C. §504 for each violation of Cartagena's exclusive rights under 17 U.S.C. §106;

B. Enjoining Defendants and their agents, servants, employees, representatives, and all other firms, divisions or corporations in active concert or participation with said Defendants during the pendency of this action and permanently from engaging in any further infringing use of the Copyrighted Songs and ordering Defendants to return to Cartagena all originals, masters, copies, facsimiles, and duplicates of the Copyrighted Songs in their possession custody or control;

C. Ordering Defendants to compensate Cartagena in an amount to be determined at trial for violation of Cartagena's copyrights under the laws of various countries not yet identified;

D.  Ordering all Defendants to disgorge all monies received for the licensing, reproduction or sale of the Copyrighted Songs;

E.  Ordering the Defendants to reimburse Cartagena for all attorneys fees and costs incurred in prosecuting this action; and

F.  For any further relief the Court deems proper.

Dated:  New York, New York
        April 16, 2007

                            Balber Pickard Battistoni
                            Maldonado & Van Der Tuin, PC

                            By: _____
                               Roger Juan Maldonado (RM-7035)
                            Balber Pickard Battistoni
                            Maldonado & Van Der Tuin
                            1370 Avenue of the Americas
                            New York, New York 10019
                            Telephone: (212) 246-2400

                            Juan H. Saavedra Castro (JS-9189)
                            Edificio Banco Popular de P.R., Ste 701
                            Calle Tetuan #206
                            San Juan, Puerto Rico 00901-1815
                            (787) 722-7741


                            Attorneys for Plaintiff